In re Edward CHILDS, Debtor.

Curtis C. Reding, etc. et al., Plaintiffs,

v.

Michael T. Gallagher and Gallagher, Lewis, Downey, & Kim, Defendants.

Civ.A. No. 2:06–mc–3295–WHA.

United States District Court, M.D. Alabama, Northern Division.

May 15, 2006.

824

Royce Allen Ray, III, Steve Olen, Olen, Nicholas & Copeland PC, Mobile, AL, Sabrina L. McKinney, Montgomery, AL, for Plaintiff Curtis C. Reding.

David B. Anderson, Ryan K. Cochran, Waller Lansden Dortch & Davis, LLC, Deanna L. Weidner, Waller Landsden Dortch & Davis, LLP, Birmingham, AL, for Defendants.

Collier H. Espy, Jr., Espy, Metcalf & Poston, Dothan, AL, for Debtor.

## *MEMORANDUM OPINION*

ALBRITTON, Senior District Judge.

## I. *INTRODUCTION*

This matter is before the court on a Motion for Mandatory and Permissive Withdrawal of Reference and Transfer of Adversary Proceeding to District Court (Doc. # 1), filed by Defendants Michael Gallagher and the Gallagher, Lewis, Downey & Kim law firm (collectively "Gallagher") on April 20, 2006. The court entered a "show cause" order and Plaintiffs, Curtis Reding as Chapter 13 Standing Trustee for the Middle District of Alabama and Susan DePaola, as Chapter 7 Trustee for the Estate of Shellwanda Babers (collectively "Trustees") responded with a brief opposing the motion by Gallagher. Additionally, on May 8, 2006, the court held a hearing on the matter and both Gallagher and the Trustees presented helpful oral arguments to supplement their briefs and assist the court.

For reasons to be discussed, the Motion for Mandatory and Permissive Withdrawal of Reference and Transfer of Adversary Proceeding to District Court is DENIED.

## II. *FACTS AND PROCEDURAL HISTORY*

The underlying dispute is an adversary proceeding in bankruptcy court. On June 26, 2003, the Plaintiff Curtis Reding, the Chapter 13 Trustee for the bankrupt estates of Edward Childs and Charstain Tina Hicks, filed a complaint in bankruptcy court against Morris Bart, A.P.L.C. ("Bart"). That initial complaint was amended on July 28, 2003 to add Defendant Gallagher and amended again to add 58 new debtor's estates, and Chapter 7 Trustee Susan DePaola.

Both Bart and Gallagher are law firms specializing in mass tort claims, usually brought through class action suits. The core of the Trustees' complaint is that Bart and Gallagher misappropriated property that belongs to the estates of the bankrupt debtors. Each of the debtors at one time was a member of a several thousand plaintiff class represented by Bart in a Fen/Phen class action suit. Gallagher was also heavily involved in Fen/Phen litigation. In 2000 Gallagher was busy negotiating a group settlement for Fen/Phen claimants who had opted out of the national class. Lawyers from around the country referred close to 5,000 opt out clients to Gallagher in order to participate in the group settlement. Bart, who is based in New Orleans, referred 30 clients who wished to opt out. Bart and Gallagher entered into a co-counsel agreement, which is now the subject of contract claims between the two. Eventually a settlement was reached and a Special Master was appointed to administer the settlement. Money was distributed to the claimants, and the lawyers took their share for fees and expenses.

The Trustees alleged four overlapping claims against Gallagher and Bart: (1) that both law firms abused the bankruptcy process by failing to have their employment approved by the court pursuant to § 11 U.S.C. 327; (2) that both law firms abused the bankruptcy process because they did not move the court to approve the compromise of the claims, which were property of the estate; (3) that both law firms have taken property of the estate in violation of § 11 U.S.C. 362; and (4) that the bankruptcy court should permanently enjoin both law firms from any future violations of the pertinent bankruptcy code and applicable bankruptcy rules.

Gallagher filed a counterclaim against the Trustees asking for damages created by fraudulent misrepresentation on the part of the bankrupt debtors and sought to establish an entitlement to any attorney's

lien on the settlement funds and recoup its costs. Additionally, Gallagher and Bart filed cross claims against each other with both seeking indemnity and claiming the other breached the co-counsel agreement.

Since Gallagher filed their Motion for Withdrawal, Bart has reached a settlement agreement with the Trustees and the bankruptcy court has dismissed the cross claims filed by Gallagher and Bart for want of subject matter jurisdiction. Thus, the only parties remaining in the case are the Trustees and Gallagher.

Trial in the bankruptcy court is set for May 22, 2006.

## III. *DISCUSSION*

### A. Withdrawal of Reference

Under 28 U.S.C. § 1334(a) the district court has original jurisdiction over all cases arising under Title 11. Title 28 U.S.C. § 157(a) allows a district court to refer bankruptcy cases to specialized bankruptcy courts. The Middle District of Alabama has adopted a General Order of Reference which refers all cases arising under or related to Title 11 to the bankruptcy courts which are a part of the Middle District. General Order of Reference, April 25, 1985. This statutory scheme ensures that "the judicial power of the United States will be ultimately exercised by an Article III Court." *In re Parklane/Atlanta Joint Venture*, 927 F.2d 532, 538 (11th Cir.1991).

█ If a party believes that a particular case should be heard in district court, it may petition the district court to "withdraw the reference" and relieve the bankruptcy court of jurisdiction. 28 U.S.C. § 157(d). Section 157(d) states:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party,

for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

The decision of whether to withdraw the reference belongs solely to the district court judge. *Fed. R. Bankr.P.* 5011.

### B. The Types of Withdrawal

There are two distinct types of withdrawal: (1) Mandatory and (2) Permissive. Mandatory withdrawal is required if the proceeding requires consideration of both title 11 and non-bankruptcy code federal law. The courts that have dealt with mandatory withdrawal have come up with two different ways of interpreting the mandatory withdrawal provisions of § 157(d). A minority of courts have taken a literal interpretation. Courts advocating the "literal theory" conclude that withdrawal is mandatory when the proceeding requires resolution of title 11 and non-bankruptcy code federal law statutes, regardless of the substantiality of the legal questions presented. *In re Kiefer*, 276 B.R. 196 (E.D.Mich.2002).

The majority of courts have concluded "that withdrawal is mandatory 'only if the court can make an affirmative determination that resolution of the claims will require substantial and material consideration of those non-Code statutes' which have more than a de minimis impact on interstate commerce." *In re TPI Intern. Airways*, 222 B.R. 663, 667 (S.D.Ga.1998) (quoting *In re C–TC 9th Ave. Partnership*, 177 B.R. 760, 762–64 (N.D.N.Y.1995)) Courts that use the "substantial and material" test believe that any other approach would allow § 157(d) to become an "escape hatch" for persons who do not wish to have

their claims in bankruptcy court. *Id.; In re American Body Armor & Equipment Inc.,* 155 B.R. at 591. They merely would have to allege a claim involving non-bankruptcy federal law. *In re C–TC 9th Ave. Partnership,* 177 B.R. at 763; *In re American Body Armor & Equipment, Inc.,* 155 B.R. 588, 590 (M.D.Fla.1993). Proponents also argue that such an escape hatch is inconsistent with Congressional intent. *In re Am. Body Armor & Equip.,* 155 B.R. at 591; *United States v. ILCO, Inc.,* 48 B.R. 1016, 1021 (N.D.Ala.1985).

▮ The second type of withdrawal provided by § 157(d) allows for discretionary or permissive withdrawal upon a showing of cause. Although Congress has not provided a statutory definition of the word "cause," the Eleventh Circuit has determined that it is not "an empty requirement." *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532, 536 (11th Cir.1991). Thus, when making a determination of whether sufficient cause exists, a district court should consider (1) the advancement of uniformity in bankruptcy administration; (2) decreasing forum shopping and confusion; (3) promoting the economical use of the parties' resources; and (4) facilitating the bankruptcy process. *See Dionne v. Simmons (In re Simmons),* 200 F.3d 738, 742 (11th Cir.2000) (quoting *Holland Am. Ins. Co. v. Succession of Roy,* 777 F.2d 992 (5th Cir.1985)). Additional factors include: (1) whether the claim is core or non-core; (2) efficient use of judicial resources; (3) a jury demand; and (4)

prevention of delay. *See In re Hvide Marine Towing, Inc.,* 248 B.R. 841, 844 (M.D.Fla.2000); *In re TPI Int'l Airways,* 222 B.R. 663, 668 (S.D.Ga.1998). While important, none of the aforementioned factors should prevent a district court "from properly withdrawing reference either to ensure that the judicial power of the United States is exercised by an Article III court or in order to fulfill its supervisor function over the bankruptcy courts." *In re Parklane/Atlanta Joint Venture,* 927 F.2d 532 at 538.

There is nothing before the court to indicate that issues of non-bankruptcy federal law are at issue in this proceeding, therefore this case must be analyzed as a permissive withdrawal request.

Gallagher's primary argument for withdrawal of the reference is that it has a right to a jury trial and does not consent to a jury trial before the bankruptcy court. 28 U.S.C. 157(e). In other words, Gallagher is arguing that his Seventh Amendment right to a jury trial is the "cause" for withdrawal mentioned in § 157(d).

The Trustees argue that, even if the court assumes that Gallagher has a right to a jury trial,[1] that right was waived by not filing the Motion for Withdrawal of Reference in a timely manner.[2]

## C. The Timeliness of the Motion for Withdrawal

▮ Before any inquiry can be made concerning "cause" the court must first

---

**1.** The issue of whether Gallagher actually has a right to a jury trial is debatable. In denying Gallagher's Motion to Stay Proceedings, the bankruptcy court found that Gallagher had no Seventh Amendment right to trial in this case because the issues between Gallagher and the Trustees were founded in equity and not law. *See Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). For the purposes of this Memorandum Opinion, the court does not need to reach the issue of Gallagher's Seventh Amendment right to a jury trial.

**2.** The Trustees also argue that Gallagher waived their right to a jury trial when they filed a counterclaim against the Trustees. In view of the court's holding that the motion is untimely, the court does not need to address that argument.

deal with the threshold issue of timeliness. "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics." *In re Holcomb Health Care Services, LLC*, 329 B.R. 622, 645 (Bankr.M.D.Tenn.2004); *In re Matter of Lissner Corp.*, 115 B.R. 604, 608–612 (N.D.Ill.1990); *In re Giorgio*, 50 B.R. 327, 328–329 (D.R.I.1985). Unfortunately § 157(d) does not provide a bright line rule on what is timely. This is likely out of necessity, as what may be timely for one movant will not be timely for another. Courts have differed, but only slightly, on how to define "timeliness" in the withdrawal context. *Security Farms v. International Broth. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n. 3 (9th Cir.1997) (motion to withdraw is timely "if it was made as promptly as possible in light of the developments in the bankruptcy proceeding"); *In re Sevko, Inc.*, 143 B.R. 114, 116 (N.D.Ill.1992) (motion to withdraw reference is either as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case); *Burger King Corp. v. B–K of Kan., Inc.*, 64 B.R. 728, 730–31 (D.Kan.1986) (holding that a ten-month delay in filing a motion to withdraw reference was "timely," albeit at "the outer limit"); *Laine v. Gross*, 128 B.R. 588, 589 (D.Me.1991) (a motion to withdraw the reference that was filed six months after the time from which "it was clear that grounds for withdrawal existed" was not timely filed). "Despite the absence of a statutory definition, courts are in general agreement that a motion is timely if it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity." *United States v. Kaplan*, 146 B.R. 500, 503 (D.Mass.1992) (internal quotations omitted).

Gallagher argues that their Motion for Withdrawal is timely because it was not ripe for withdrawal until their motion for summary judgment was denied. It is Gallagher's contention that since they are asking for withdrawal based on their right to a jury trial, they could not seek to remove the case until they knew for sure that a trial was going to occur, and that only happened recently when its motion for summary judgment was denied.

The Trustees contend that Gallagher's Motion for Withdrawal is untimely. They point out that this litigation has been on going in the bankruptcy court for close to three years. During that time the parties have fiercely litigated several motions, including motions to dismiss and summary judgment, have completed discovery, conducted 19 depositions, and participated in numerous scheduling and pre-trial status conferences. The current trial date of May 22, 2006 was set by written order on Sept, 29, 2005 so there is no dispute that the parties will have had nearly eight months notice and time to prepare. Additionally, the Trustees contend that Gallagher is engaged in forum shopping, which the timeliness requirement is designed to prevent. They argue that Gallagher is unhappy because the bankruptcy court recently denied their Motion for Summary Judgement, and Gallagher is attempting to find a more favorable audience in district court.

■ Gallagher's argument is unavailing. To accept their argument is to assume that bankruptcy cases exist in a vacuum, when they clearly do not. When evaluating a Motion for Withdrawal, the court is required to examine the circumstances of the underlying bankruptcy proceeding. In this case, Gallagher has been a vigorous and seemingly willing participant in nearly

three years of litigation in the bankruptcy court without mention of moving the proceedings to district court. Although Gallagher did demand a jury trial in their answer to the Trustees' complaint, filed on August 28, 2003, they have been silent on the issue, although it has been clear for months that this case was scheduled for a bench trial. Gallagher has waited until the eve of trial, and just after their motion for summary judgment was denied, to file this Motion for Withdrawal. Gallagher concedes that they never raised the issue of their jury demand during conferences held by the bankruptcy court, or otherwise brought it to anyone's attention, other than including the demand in answers, until the instant motion was filed.

In support of its argument Gallagher relies heavily on the case of *City Fire Equipment Co., Inc. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645 (N.D.Ala.1989), which found that it was appropriate for the bankruptcy court to handle pre-trial matters, such as supervision of discovery and dispositive motions, even though the case was due to be tried in the district court. Gallagher's ripeness argument simply assumes that, if the motion for withdrawal had been made earlier, this court would have allowed the case to proceed in the bankruptcy court up until it was set for trial. This assumption is misplaced. Such a course of action may or may not have been appropriate in this case, but it is imperative to note that that decision belongs exclusively to the district court, and not to the defendant asking for withdrawal. *See Fed. R. Bankr.P.* 5011.

Allowing Gallagher to withdraw under these circumstances would give future parties "an incentive not to move to withdraw the reference until long after trials are scheduled, and then to wait to the eve of trial, effectively causing adversary proceedings to languish in the bankruptcy court and preventing the firm scheduling of trial dates." *HA 2003 Liquidating Trust v. J.P. Morgan Partners (In re HA-LO Industries, Inc.)*, 326 B.R. 116 (Bankr. N.D.Ill.2005) (rejecting defendant's argument that a motion for withdrawal was not ripe until case was ready for trial). Finding for Gallagher under these circumstances would also encourage lawyers to ignore the possibility that summary judgment may be denied. Good lawyers will diligently prepare for the possibility of trial, even if they believe that possibility is remote.[3]

The court cannot conclude with certainty that the real purpose of Gallagher's Motion for Withdrawal is forum shopping, but does note that this premise is bolstered when one considers the briefs that Gallagher has placed before the court. Gallagher expends considerable time attempting to reargue issues which have already been ruled on by the bankruptcy court. For example, they attempt to persuade the court to withdraw the reference by arguing at length that the bankruptcy court's denial of summary judgement is inconsistent with controlling case law, and that the bankruptcy judge has refused to hear defenses set forth by Gallagher. *See* Gallagher's Motion for Withdrawal, at 17–23 and 31–32. These arguments are inappropriate and irrelevant to the determination of whether or not the reference should be withdrawn.

In sum, Gallagher was obligated to file a motion to withdraw the reference as soon as grounds for withdrawal were known. *United States v. Kaplan*, 146 B.R. 500, 503 (D.Mass.1992) ("Once a case becomes subject to withdrawal, a party has a plain duty to act diligently or ... forever hold his peace."). Gallagher should have moved for

---

**3.** The old axiom, "Hope for the best, but plan    for the worst" is appropriate in this case.

withdrawal at the same time that they made their first jury demand well over two years ago. Instead, they did nothing. "On this record, it cannot be said that the petitioners moved 'at the first reasonable opportunity'—or even in close temporal proximity therewith. They fiddled whilst the Bankruptcy Court fires burned." *In re Giorgio,* 50 B.R. 327, 329 (D.R.I.1985).

### D. Consequences of an Untimely Motion

■ On August 28, 2003 Gallagher answered the Trustees' amended complaint and demanded a jury trial, meeting the minimum requirements of *Fed.R.Civ.P.* 38(d). In the bankruptcy context, it is clear that Gallagher needed to take additional steps to protect their right to a jury trial in the district court and failed to do so.

■ A party may waive its right to a jury trial by failing to move timely to withdraw the reference. *Stainer v. Latimer (In re Latimer),* 918 F.2d 136 (10th Cir.1990); *In re HA–LO Industries, Inc.,* 326 B.R. at 123. Ordinarily, if a jury demand has been asserted, and at least one of the parties refuses to consent to the conduct of the jury trial in the bankruptcy court (as Gallagher has done here), the bankruptcy court can no longer conduct a trial of the matter. 28 U.S.C. § 157(e); *Blackwell v. Deloitte & Touche, LLP (In re Blackwell),* 279 B.R. 818, 820 (Bankr. W.D.Tex.2002). A bankruptcy court, however, cannot *sua sponte* transfer the matter to district court and only the district court is empowered to withdraw the reference. As the *Blackwell* opinion concluded: "Both the statute and the rules contemplate the party who desires (and needs) withdrawal to affirmatively seek it by motion to the district court. If neither party timely takes this additional step (the essential last step to assure that one gets the jury trial they desire before the tribunal they prefer), then that failure can only be construed as a waiver of the party's right to a jury trial." *In re Blackwell,* 279 B.R. at 819–20; *In re HA–LO Industries, Inc.,* 326 B.R. at 123.

This court agrees that for a party to be entitled to a jury trial in the district court, the party must not only move to withdraw the reference to the bankruptcy court in addition to making a proper jury demand, but that the motion to withdraw must be *timely* made. To hold otherwise would be unduly disruptive to orderly procedure and would allow a party to gamble on the outcome of proceedings in the bankruptcy court and, when disappointed, try at the last minute to start all over again before another court.

In sum, because Gallagher's Motion for Withdrawal is untimely, they have waived their right to a withdrawal for a jury trial. Therefore, there is no need to examine whether or not they actually had a right to a jury trial on the particular claims in issue.

### IV. CONCLUSION

For the reasons discussed above, Gallagher's Motion for Mandatory and Permissive Withdrawal of Reference and Transfer of Adversary Proceeding to District Court is DENIED.